UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIE JONES

CIVIL ACTION

VERSUS

NO. 10-653-JJB-SCR

AMERICAN SECURITY
INSURANCE COMPANY

### RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant. (Doc. 21). Plaintiff, who is representing himself, did not file an opposition to this motion. There is no need for oral argument. For the following reasons, the motion is granted.

Plaintiff's home was damaged by a storm in March 2008. He filed a claim with Balboa/Meritplan Insurance Company ("Balboa"), his homeowner's insurer at the time. The claim was adjusted and on September 10, 2009, Balboa paid benefits totaling $15,797.52. (Doc. 21-9 at 1). In December, 2009, Plaintiff filed a claim with Defendant—his then-current insurer—for damage to his home from Hurricanes Gustav, Ike, and subsequent storms. (Doc. 1-1 at 3). These named storms hit in September of 2008, more than a year prior to this second claim. After adjusting the claim, Defendant determined the damage to be the same that Balboa had paid for. Therefore, it denied coverage on the basis that the loss claimed had already been paid for in full. (Doc. 21-1 at 2). Plaintiff filed this suit against Defendant.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). If the dispositive issue is one on which the nonmovant will bear the burden of proof at trial, the moving party satisfies its burden by pointing out that there is insufficient proof concerning an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 325. In an insurance suit, the burden is on the insured, in this case the Plaintiff, to prove that his claim is within coverage. *Thomas v. Pa. Fire Ins. Co.*, 163 So.2d 202, 204 (La. 1964). The Plaintiff must show his damage was caused by a covered peril. *Jones v. Estate of Santiago*, 870 So.2d 1002, 1010 (La. 2004). If Plaintiff shows sufficient proof of loss, the burden then shifts to the insurer to prove the claim is excluded under the policy. *Tunstall v. Stierwald*, 809 So.2d 916 (La. 2004).

In this case, Defendant claims Plaintiff has not provided any evidence that: (1) the insured property was damaged in Hurricanes' Gustav and Ike, (2) the amount of damage, (3) and that his alleged damages are different from those in his prior claim. As the Defendant has pointed out that there is insufficient proof of an essential element of the case, the burden is on Plaintiff to point to evidence that he can meet his burden at trial. Plaintiff has not filed an opposition thus he

2

has not fulfilled his burden of pointing to evidence to show he can meet his burden at trial. Further, the Court can find no such evidence in the record.

Plaintiff is representing himself. After the motion was filed, on January 30, 2012, the Court set a briefing schedule giving Plaintiff until February 21 to respond. More than one month later, Plaintiff has still filed no opposition to the motion. The records indicate the notice was mailed to Plaintiff's home, which is the address he provided. There is no indication the mailed notice was returned or otherwise undelivered. While the Court is willing to give *pro se* litigants some latitude in following procedures, it will not overlook a one month delay in filing briefs. Therefore, the motion for summary judgment (doc. 21) is granted.

Signed in Baton Rouge, Louisiana, on March 26, 2012.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**